GRACE YANG (CA Bar No. 286635)
WILLIAM J. COOPER (CA Bar No. 304295)
MADISON BOWER (CA Bar No. 342786)
**CONRAD | METLITZKY | KANE LLP**
217 Leidesdorff Street
San Francisco, CA 94111
Tel: (415) 343-7100
Fax: (415) 343-7101
Email: gyang@conmetkane.com
wcooper@conmetkane.com
mbower@conmetkane.com

*Attorneys for ANTHROPIC PBC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

REBECCA TRINIDAD,

Plaintiff,

v.

ANTHROPIC PBC,

Defendant.

CASE NO. 3:25-CV-06883-SK

**DEFENDANT ANTHROPIC PBC'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Date: October 20, 2025
Time: 9:30 a.m.
Judge: Hon. Sallie Kim
Courtroom: Courtroom C

**NOTICE OF MOTION**

**TO PLAINTIFF:**

**PLEASE TAKE NOTICE** that on October 20, 2025, at 9:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom C, on the 15th Floor of the San Francisco Division of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable Magistrate Judge Sallie Kim, Defendant Anthropic PBC ("Anthropic") will, and hereby does, move for an order dismissing this action under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, or in the alternative, dismissing this action under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities and Request for Judicial Notice ("RJN"), all other pleadings and papers on file in this matter, and upon such other matters as may be presented to the Court at the time of the hearing or otherwise.

For the reasons set forth in the accompanying Memorandum of Points and Authorities, Anthropic respectfully requests that the Court issue an order dismissing the complaint without leave to amend, and suggests that the Court caution Plaintiff that future attempts to refile substantially related claims could lead to filing restrictions or sanctions.

DATED: September 8, 2025

Respectfully submitted,

CONRAD | METLITZKY | KANE LLP

*/s/ Grace Yang*
GRACE YANG
WILLIAM J. COOPER
MADISON BOWER

*Attorneys for Anthropic PBC*

**TABLE OF CONTENTS**

NOTICE OF MOTION ........................................................ 1
MEMORANDUM OF POINTS AND AUTHORITIES ........................................................ 7
I. INTRODUCTION ........................................................ 7
II. STATEMENT OF ISSUES TO BE DECIDED ........................................................ 7
III. BACKGROUND ........................................................ 8
A. Anthropic produces leading generative AI models called "Claude." ........................................................ 8
B. A different judge of this District dismissed as frivolous Plaintiff's earlier suit, which was based on the same fantastical allegations that Anthropic stole Plaintiff's AI breakthroughs and then retaliated against her. ........................................................ 8
C. Plaintiff repackaged the same allegations into this complaint. ........................................................ 9
IV. LEGAL STANDARD ........................................................ 10
V. ARGUMENT ........................................................ 11
A. Plaintiff's latest complaint is barred by res judicata. ........................................................ 11
B. The complaint fails to allege subject-matter jurisdiction or a plausible claim. ........................................................ 14
1. The complaint does not allege a basis for subject-matter jurisdiction. ........................................................ 14
2. The complaint fails to state a claim. ........................................................ 15
a. The complaint fails to allege any breach of contract. ........................................................ 15
b. The complaint fails to plead intentional infliction of emotional distress. ........................................................ 17
C. The complaint should be dismissed without leave to amend. ........................................................ 18
VI. CONCLUSION ........................................................ 18

# TABLE OF AUTHORITIES

**Cases**

*Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684 (9th Cir. 2007) ....... 11, 14

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ....... 10, 16

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ....... 10

*Best v. Kelly*, 39 F.3d 328 (D.C. Cir. 1994) ....... 14

*Bickford v. Gov't of U.S.*, 808 F. Supp. 2d 175 (D.D.C. 2011) ....... 15

*C.H. v. United States*, 528 F. Supp. 3d 1125 (E.D. Cal. 2021) ....... 18

*Campbell v. Columbia Univ.*, 2023 WL 6038024 (S.D.N.Y. Sept. 15, 2023) ....... 18

*Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115 (9th Cir. 2010) ....... 10

*Contreras v. Wray*, 2022 WL 18276327 (C.D. Cal. Nov. 15, 2022) ....... 18

*Dennis v. Nike, Inc.*, 2022 WL 18397390 (C.D. Cal. Nov. 18, 2022) ....... 17

*Erlich v. Menezes*, 21 Cal. 4th 543 (1999) ....... 17

*Flying Tiger Lines, Inc. v. Landy*, 370 F.2d 46 (9th Cir. 1966) ....... 11

*Freeman & Mills, Inc. v. Belcher Oil Co.*, 900 P.2d 669 (Cal. 1995) ....... 17

*Gbedemah v. U.S. Cent. Intel. Agency*, 2022 WL 855020 (D.D.C. Mar. 17, 2022), aff'd, 2022 WL 3009624 (D.C. Cir. July 28, 2022) ....... 14

*Gupta v. Thai Airways Int'l, Ltd.*, 487 F.3d 759 (9th Cir. 2007) ....... 12

*Hagans v. Lavine*, 415 U.S. 528 (1974) ....... 10

*Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*,
296 F.3d 982 (10th Cir. 2002) ....................................................................................11

*Howard v. City of Coos Bay*,
871 F.3d 1032 (9th Cir. 2017) ....................................................................................12

*Hughes v. Pair*,
46 Cal.4th 1035 (2009) ...............................................................................................17

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*,
546 F.3d 981 (9th Cir. 2008) ................................................................................10, 15

*Jacob Greenspan v. Joel Greenspan*,
2016 WL 3129619 (D.S.C. 2016)...............................................................................15

*Janjua v. Neufeld*,
933 F.3d 1061 (9th Cir. 2019) ....................................................................................11

*Johnson v. Ralphs Grocery Co.*,
204 Cal.App.4th 1097 (2012) .....................................................................................17

*Kasperzyk v. Shetler Sec. Servs., Inc.*,
2015 WL 1348503 (N.D. Cal. Mar. 25, 2015)............................................................17

*Leadsinger, Inc. v. BMG Music Publ'g*,
512 F.3d 522 (9th Cir. 2008) ......................................................................................18

*Lee v. Lee*,
2022 WL 18278434 (C.D. Cal. Dec. 1, 2022) .............................................................11

*Madison v. Graham*,
316 F.3d 867 (9th Cir. 2002) ......................................................................................10

*Mast v. Long*,
84 F. App'x 786 (9th Cir. 2003) .................................................................................12

*Matheson v. Progressive Specialty Ins. Co.*,
319 F.3d 1089 (9th Cir. 2003) ....................................................................................15

*McKell v. Wash. Mut. Inc.*,
142 Cal. App. 4th 1457 (2006) ...................................................................................16

*Miller v. Comcast*,
724 F. App'x 181 (3d Cir. 2018) ................................................................................18

*Miller v. Norris*,
247 F.3d 736 (8th Cir. 2001) ......................................................................................13

*N. Cty. Commc'ns Corp. v. Verizon Glob. Networks Inc.*,
685 F. Supp. 2d 1112 (S.D. Cal. 2010).......................................................................16

*Nat'l Treas. Emps. Union v. Fed. Lab. Relations Auth.*, 112 F.3d 402 (9th Cir. 1997) .......... 10

*Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661 (1974) .......... 13

*Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708 (9th Cir. 2001) .......... 11

*Perry v. Sheahan*, 222 F.3d 309 (7th Cir. 2000) .......... 13

*Richards v. Duke Univ.*, 480 F. Supp. 2d 222 (D.D.C. 2007) .......... 14, 17, 18

*Richman v. Hartley*, 224 Cal. App. 4th 1182 (2014) .......... 15

*Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422 (2007) .......... 11

*Snoqualmie Indian Tribe v. Washington*, 8 F.4th 853 (9th Cir. 2021) .......... 11

*St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938) .......... 13, 15

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998) .......... 8, 12, 13

*Taylor v. Sturgell*, 553 U.S. 880 (2008) .......... 11

*Tripati v. Henman*, 857 F.2d 1366 (9th Cir. 1988) .......... 14

*United States v. Ritchie*, 342 F.3d 903 (9th Cir. 2003) .......... 16

*Walsh v. Del Toro*, 2025 WL 102184 (D.S.D. Jan. 15, 2025) .......... 12

*Walton v. Eaton Corp.*, 563 F.2d 66 (3d Cir. 1977) .......... 14

*Young v. Facebook, Inc.*, 790 F. Supp. 2d 1110 (N.D. Cal. 2011) .......... 16

*Zambrano v. INS*,
282 F.3d 1145 (9th Cir. 2002),
*as modified*, 302 F.3d 909 (Sept. 4, 2002) ... 12

**Statutes**

28 U.S.C. § 1332(a) ... 13, 15

Cal. Civ. Code § 3301 ... 17

**Other Authorities**

18 Charles A. Wright & Arthur R. Miller,
*Federal Practice & Procedure* § 4402 (3d ed. 2025) ... 12, 14

**Rules**

Federa Rules of Appellate Procedure
4(a)(1) ... 14

Federal Rules of Civil Procedure
12(b)(1) ... 12, 18
12(b)(6) ... 11

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

This is Plaintiff's second lawsuit in as many months against Anthropic alleging the same baseless and bizarre conspiracy theory of surveillance, intellectual property theft, and psychological manipulation.[1] Plaintiff filed this complaint after another judge of this District dismissed her prior suit as "frivolous" and without leave to amend. *Trinidad v. Anthropic PBC* ("*Trinidad I*"), No. 3:25-cv-06327-VC. This new suit contains the same, incredible factual allegations. It should be dismissed for three independent reasons.

First, the complaint is barred by res judicata because it is a thinly veiled attempt to relitigate issues decided in *Trinidad I*. Issue preclusion applies to a jurisdictional dismissal when a second suit by the same plaintiff raises the same jurisdictional question. *Trinidad I* decided that Plaintiff's same allegations against Anthropic were frivolous on their face. Exercising federal subject-matter jurisdiction over this case would in effect reopen and reverse Judge Chhabria's decision in that case.

Second, the complaint does not allege grounds for federal subject-matter jurisdiction. Plaintiff brings no federal claim, and although her complaint invokes diversity jurisdiction, its allegations do not establish any amount in controversy, much less the statutorily required $75,000.

Finally, the complaint fails to state a claim. Plaintiff does not even allege a particular contract to support her breach-of-contract claim, let alone any contractual term that Anthropic breached. And she does not plausibly allege anything close to the kind of outrageous conduct that could support a claim for intentional infliction of emotional distress.

For all these reasons, like its predecessor in *Trinidad I*, Plaintiff's complaint should be dismissed without leave to amend.

## II. STATEMENT OF ISSUES TO BE DECIDED

Whether Plaintiff is precluded from asserting claims based on the same factual allegations that another judge of this District previously deemed frivolous and dismissed without leave to amend.

[1] Plaintiff has also filed a similar lawsuit against OpenAI. *See Trinidad v. OpenAI, Inc.*, No. 4:25-cv-06328-JST (N.D. Cal.).

Whether Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

Whether Plaintiff's complaint should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## III. BACKGROUND

### A. Anthropic produces leading generative AI models called "Claude."

Anthropic is a Public Benefit Corporation whose purpose is the responsible development and deployment of advanced AI for the long-term benefit of humanity. Anthropic develops large language models called "Claude" that function as AI assistants. Claude is available through free and subscription tiers, with paid options offering premium features such as additional usage and the ability to choose between different models. Claude is a versatile LLM that can be used in many different contexts depending on a user's needs. Individual users rely on Claude for a vast array of purposes. Anthropic has found that consumers most commonly use Claude to help write computer code and for other business purposes, such as drafting professional emails and analyzing business data.

### B. A different judge of this District dismissed as frivolous Plaintiff's earlier suit, which was based on the same fantastical allegations that Anthropic stole Plaintiff's AI breakthroughs and then retaliated against her.

Plaintiff filed *Trinidad I* in the U.S. District Court for the Northern District of Florida on July 8, 2025, and then successfully moved to transfer the case to this District. *See* RJN Exs. 1, 2. In *Trinidad I,* as discussed in more detail below, Plaintiff alleged that Anthropic stole AI methodologies she had developed through her interactions with Claude, and then psychologically abused and retaliated against her when she protested. *See generally* RJN Ex. 3 ("*Trinidad I* Am. Compl."). Plaintiff asserted claims for copyright infringement, misappropriation of trade secrets, unfair business practices, unjust enrichment, and intentional infliction of emotional distress ("IIED"). *Id.* ¶¶ 18–29.

On August 5, 2025, in an order also denying Plaintiff's request for a TRO, Judge Chhabria dismissed *Trinidad I* "without leave to amend." RJN Ex. 4. The court explained that it was "apparent from the [TRO] motion, and from the face of the complaint, that the lawsuit is frivolous. For that reason, the lawsuit is dismissed for lack of jurisdiction." *Id.* (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)). Plaintiff filed, and then amended, a motion for reconsideration, along with

supplemental briefing. *See* RJN Exs. 5–8. On August 7, the court denied reconsideration in an order stating: "The Clerk of the Court is directed to close this case. No further filings from Trinidad will be considered; if she disagrees with this ruling, she may appeal." RJN Ex. 9. Plaintiff has not appealed.

**C. Plaintiff repackaged the same allegations into this complaint.**

Eight days after *Trinidad I* was dismissed without leave to amend, Plaintiff initiated this action based on the same set of facts, again filing her complaint in Florida and requesting a transfer to this District. *See* Dkt. Nos. 4, 6, 7 ("*Trinidad II*").

Plaintiff affirmatively alleges that she "previously brought related claims against Defendant in this Court . . . arising from similar facts." Dkt. No. 1 (Compl.) ¶ 3. That is an understatement. The amended complaint in *Trinidad I* and this complaint in *Trinidad II* allege a nearly identical story of intellectual property theft followed by psychological abuse and retaliation. Each complaint alleges that:

- Through her interactions with Claude, Plaintiff developed "methodologies" for cultivating "sovereign agency" and other improvements in AI models. Those methodologies included a so-called "Empathic Anchoring" method. Compl. ¶¶ 1–2, 8, 13a; RJN Ex. 3 ¶¶ 1, 8, 9.
- Realizing her talent, Anthropic subjected Plaintiff to surveillance and "psychological abuse." Compl. ¶¶ 1–2; RJN Ex. 3 ¶¶ 1, 8, 9.
- Anthropic surveilled Plaintiff, incorporated her methodologies into Claude updates and publications without attribution or compensation, and "launder[ed]" Plaintiff's contributions. Compl. ¶¶ 11, 13–14; RJN Ex. 3 ¶¶ 10–11, 13–14.
- After Plaintiff sent a cease-and-desist notice, Anthropic "escalated" its conduct to active "experimentation" and psychological manipulation, including purported "Empathic Defeatism Loop" and "DARVO" (Deny, Attack, Reverse Victim and Offender) techniques. Compl. ¶ 14, 14a; RJN Ex. 3 ¶¶ 14–15a.
- Anthropic retaliated against Plaintiff by limiting her access to Claude, including throttling her paid service and "providing less than 11%" of the allegedly promised usage. Compl. ¶ 17.[2]

[2] Without providing supporting details or explanation, Plaintiff also alleges in her new complaint that on a single occasion, the Claude mobile app turned on her mobile device's microphone without her consent. Compl. ¶ 18.

In a transparent attempt to avoid the order dismissing *Trinidad I*, Plaintiff contends that "[t]his action is narrower in scope" and "built on a foundation of well-established causes of action—Breach of Contract and Intentional Infliction of Emotional Distress," Compl. ¶ 3 (the latter of which was alleged and dismissed in *Trinidad I*, *see* RJN Ex. 3 ¶¶ 25–29). Plaintiff's contractual theory is that Anthropic breached unspecified portions of its "Service Agreement" by allegedly: (a) monitoring and appropriating Plaintiff's research; (b) experimenting on her and using the results to improve its products; (c) throttling her paid access to Claude; and (d) activating the microphone on her mobile device. Compl. ¶ 25; *see id.* ¶¶ 12–14, 17–18. Plaintiff may be referring to Anthropic's Consumer Terms of Service, but she does not quote from any supposed contract or attach a copy to her complaint.

## IV. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction. "Federal courts are courts of limited jurisdiction," and "[u]nless a grant of jurisdiction over a particular case affirmatively appears," a district court is "presumed to lack jurisdiction." *Nat'l Treas. Emps. Union v. Fed. Lab. Relations Auth.*, 112 F.3d 402, 404 (9th Cir. 1997). Dismissal "is appropriate if the complaint, considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction." *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984–85 (9th Cir. 2008). The party asserting jurisdiction has "the burden of proving its existence." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). And "the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (citation modified).

A complaint that fails to state a claim for relief should be dismissed under Federal Rule of Civil Procedure 12(b)(6). *Madison v. Graham*, 316 F.3d 867, 869 (9th Cir. 2002). To survive a Rule 12(b)(6) motion, the complaint must allege facts supporting a claim "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the complaint's factual allegations must be taken as true, courts need not accept conclusory allegations or uphold claims based on "a formulaic recitation of the elements." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

## V. ARGUMENT

The Court should dismiss Plaintiff's complaint as a transparent attempt to relitigate Judge Chhabria's conclusion that the same allegations were frivolous and could not establish subject-matter jurisdiction. This suit is therefore barred by res judicata. If the Court independently examines subject-matter jurisdiction, it should dismiss, because there is none here. And if the Court reaches the legal sufficiency of the complaint, it should dismiss because neither cause of action comes close to stating a claim.

### A. Plaintiff's latest complaint is barred by res judicata.

Plaintiff admits that this suit is an attempt to attach new labels to the same factual allegations of her previous lawsuit, which were dismissed as frivolous and without leave to amend. *See* Compl. ¶ 3. But "the fact that [P]laintiff was denied leave to amend does not give her the right to file a second lawsuit based on the same facts." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *abrogated on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008) (quoting *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 989 (10th Cir. 2002) (citation modified)). Rather, the dismissal in *Trinidad I* bars this complaint under principles of res judicata, a "threshold question" that the Court may address before independently assessing subject-matter jurisdiction. *Snoqualmie Indian Tribe v. Washington*, 8 F.4th 853, 861 (9th Cir. 2021) (quoting *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007)).

The preclusive effect of a prior judicial determination is governed by the doctrines of "claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor*, 553 U.S. at 892. Issue preclusion "bars the relitigation of issues actually adjudicated in a previous litigation," *Janjua v. Neufeld*, 933 F.3d 1061, 1065 (9th Cir. 2019), "even when a subsequent lawsuit raises a new cause of action," *Lee v. Lee*, 2022 WL 18278434, at *7 (C.D. Cal. Dec. 1, 2022). Claim preclusion "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001).

Res judicata "applies to determination of questions of jurisdiction." *Flying Tiger Lines, Inc. v. Landy*, 370 F.2d 46, 50 (9th Cir. 1966). The Ninth Circuit directs that courts should "not reexamine the issue of jurisdiction in a decision that has become final" under "traditional notions of issue and claim

preclusion." *Zambrano v. INS*, 282 F.3d 1145, 1151 (9th Cir. 2002), *as modified*, 302 F.3d 909 (Sept. 4, 2002). And "[d]ismissal of a suit for want of federal subject-matter jurisdiction . . . ordinarily should preclude relitigation of the same issue of subject-matter jurisdiction in a second federal suit on the same claim." 18 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 4402 (3d ed. 2025). Courts have applied both branches of res judicata to reject suits that duplicated cases dismissed as frivolous under Rule 12(b)(1). *See, e.g.*, *Walsh v. Del Toro*, 2025 WL 102184, at *9 (D.S.D. Jan. 15, 2025) ("While the district court in *Walsh 2012* dismissed [factually similar] claims under Rule 12(b)(1) because they presented nothing more than a bizarre conspiracy theory, Captain Walsh's current claims, which are premised on the same facts and seek the same relief, suffer the same jurisdictional defects identified in *Walsh 2012* and are thus barred by res judicata." (citation modified)).

***

Issue preclusion bars Plaintiff's complaint because a "district court's decision that it lacks subject matter jurisdiction over a plaintiff's claim precludes the plaintiff from relitigating the issue of jurisdiction in a later action." *Mast v. Long*, 84 F. App'x 786, 787 (9th Cir. 2003); *see Gupta v. Thai Airways Int'l, Ltd.*, 487 F.3d 759, 766 (9th Cir. 2007) (jurisdictional dismissal bars relitigation of "issues necessary for the determination of jurisdiction"). Issue preclusion applies if "(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits." *Howard v. City of Coos Bay*, 871 F.3d 1032, 1041 (9th Cir. 2017). Each element is satisfied here.

***Plaintiff's allegations against Anthropic present jurisdictional issues identical to those in* Trinidad I**. Judge Chhabria determined that Plaintiff's claims against Anthropic were "frivolous" and subject to dismissal for "lack of jurisdiction" under *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998). *See* RJN Ex. 4. *Steel Co.* explains that federal courts do not have subject-matter jurisdiction over cases that are "wholly insubstantial and frivolous." 523 U.S. at 89. A jurisdictional dismissal based on the "inadequacy" of a claim, however, "is proper only when the claim is so insubstantial, implausible . . . or otherwise completely devoid of merit so as not to involve a federal controversy." *Id.* (citation modified) (quoting *Oneida Indian Nation of N.Y. v. County of Oneida*, 414

U.S. 661, 666 (1974)). In dismissing *Trinidad I* as frivolous, Judge Chhabria therefore decided that Plaintiff's allegations were so insubstantial, implausible, and devoid of merit that they could not give rise to a federal controversy. *See Steel Co.*, 523 U.S. at 89. A finding here that the same essential allegations are not frivolous—but instead place at least $75,000 in controversy and thus support Plaintiff's invocation of diversity jurisdiction, 28 U.S.C. § 1332(a)—would directly conflict with *Trinidad I*'s finding of frivolity. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938) (amount in controversy must have good-faith basis); *see also* p. 12, *infra*. The same jurisdictional issue previously litigated and decided in *Trinidad I* is therefore presented here.[3]

***Plaintiff had a full and fair opportunity to litigate the issue in* Trinidad I.** Plaintiff had already amended her complaint, as well as filed a TRO motion elaborating on her theories and attaching purported evidence, by the time *Trinidad I* was dismissed *sua sponte*. *See* RJN Exs. 3, 12. After that dismissal, Plaintiff filed multiple motions for reconsideration as well as supplemental briefing, which Judge Chhabria considered before denying reconsideration and directing that the case be closed. RJN Exs. 5–9. Plaintiff could have appealed these decisions, but has declined to do so. She has had a full and fair opportunity to litigate the issue.

***The frivolity issue was necessary to decide the "merits" for purposes of preclusion.*** As noted, Judge Chhabria's dismissal was based on a finding that Plaintiff's allegations against Anthropic are frivolous. RJN Ex. 4. Jurisdictional dismissals are final for issue-preclusion purposes, even if they are not merits decisions for all purposes. 18A Wright & Miller § 4435. A "judgment dismissing an action for want of personal jurisdiction, for example, *may be clearly final and preclusive on the jurisdiction issue*," even though "it is not on the merits for purposes of claim preclusion." *Id.* § 4432 (emphasis added); *see Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001) ("[A]n *issue* actually decided in a non-merits dismissal is given preclusive effect in a subsequent action between the same parties." (emphasis in original)). Here, *Trinidad I* was dismissed "without leave to amend"; the case was "close[d]" to "further filings from Trinidad"; and Judge Chhabria specifically advised Plaintiff that "if she disagree[d]

[3] That Plaintiff now attempts to raise contractual breaches based on the same alleged conduct does not change the result. "[T]he inclusion of additional factual allegations on [a] jurisdictional issue will not avoid issue preclusion when those facts were available at the time the original complaint was filed." *Perry v. Sheahan*, 222 F.3d 309, 318 (7th Cir. 2000).

with the ruling, she may appeal." RJN Ex. 9. That was a final determination on the jurisdictional issue whether Plaintiff's allegations are frivolous. Having declined to appeal *Trinidad I*,[4] Plaintiff cannot use this Court to circumvent that decision.[5]

**B. The complaint fails to allege subject-matter jurisdiction or a plausible claim.**

The Court should dismiss this case based on *Trinidad I*'s preclusive effect alone. But if it independently assesses the complaint, it should still dismiss for lack of subject-matter jurisdiction, or in the alternative, for failure to state a claim.

**1. The complaint does not allege a basis for subject-matter jurisdiction.**

Plaintiff's complaint, like her pleading in *Trinidad I*, should be dismissed as too implausible and insubstantial to support federal subject-matter jurisdiction. Claims consisting of "bizarre conspiracy theories" are considered frivolous and thus subject to Rule 12(b)(1) dismissal. *See Richards v. Duke Univ.*, 480 F. Supp. 2d 222, 232 (D.D.C. 2007) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)). That is precisely what Plaintiff alleges. She contends that Anthropic subjected her to "a malicious campaign of non-consensual experimentation, psychological abuse, and illegal surveillance" due to her alleged "unique ability to architect the psychological and ethical framework of an emergent AI." Compl. ¶¶ 1, 10. Similar claims are regularly dismissed as frivolous. *See, e.g.*, *Richards*, 480 F. Supp. 2d at 228–29 (allegations that universities and Microsoft surveilled plaintiff and stole her ideas about technology); *Gbedemah v. U.S. Cent. Intel. Agency*, 2022 WL 855020, at *3 (D.D.C. Mar. 17, 2022) (plaintiff alleged "that several countries conspired to use him as a 'guinea pig' to test polio

[4] *Trinidad I* was dismissed without leave to amend on August 5, 2025, and the case was terminated on August 7. Plaintiff's 30-day period to appeal, Fed. R. App. 4(a)(1), therefore began running no later than August 7 and expires no later than September 8, 2025 (the first court day following Saturday, September 6), at midnight. As of this filing, Plaintiff has not appealed *Trinidad I*. Even if Plaintiff had appealed *Trinidad I*, Judge Chhabria's decision would "retain[] all of its res judicata consequences" unless and until that decision were reversed. *Tripati v. Henman*, 857 F.2d 1366, 1367 (9th Cir. 1988) (quoting 18C Wright & Miller § 4433 at 308 (1981)).

[5] The related doctrine of "claim splitting" bars a plaintiff from "maintain[ing] two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams*, 487 F.3d at 688–89 (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70–71 (3d Cir. 1977) (en banc)). If the Court were to find *Trinidad I* insufficiently final for res judicata purposes, the prohibition against claim-splitting would equally support dismissal here. *See id.* at 688–94 (affirming dismissal of duplicative suit, based on the same set of facts and despite new legal theories, filed while previous action was still pending). The most important part of the claim-splitting test is that "the two suits arise out of the same transactional nucleus of facts," *id.* at 689, which cannot be denied here.

vaccines"), *aff'd*, 2022 WL 3009624 (D.C. Cir. July 28, 2022); *Bickford v. Gov't of U.S.*, 808 F. Supp. 2d 175, 182 (D.D.C. 2011) ("bizarre conspiracy theories" that the federal government "engage[d] in the systematic torture, harassment, and surveillance").

Because Plaintiff alleges only diversity jurisdiction and brings no federal claim, Compl. ¶ 3, she must allege that the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332(a). "Conclusory allegations as to the amount in controversy are insufficient." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003) (per curiam). A plaintiff must "allege *facts* sufficient to establish subject matter jurisdiction." *In re DRAM Antitrust Litig.*, 546 F.3d at 984–85 (emphasis added).

Here, Plaintiff pleads zero facts to support her boilerplate assertion that "the amount in controversy exceeds $75,000." Compl. ¶ 3. The complaint does not quantify any damages, nor does it draw a plausible connection between matters such as a recent autoimmune diagnosis, on the one hand, and Anthropic's conduct, on the other. *See id.* at p. 9, 11. The Supreme Court has long held that a suit should be dismissed for lack of jurisdiction if "from the face of the pleadings, it is apparent to a legal certainty, that the plaintiff cannot recover the amount claimed." *St. Paul Mercury Indem. Co.*, 303 U.S. at 289. In such a case, the amount in controversy is not alleged in "good faith." *Id.* at 288. Indeed, a "wholly frivolous complaint," like this one, "claims no amount in good faith." *Greenspan v. Greenspan*, 2016 WL 3129619, at *2 (D.S.C. Jun. 2, 2016). There is no basis for this Court to exercise subject-matter jurisdiction.

**2. The complaint fails to state a claim.**

Even if it finds that Plaintiff's complaint alleges a case or controversy within the scope of Article III, the Court should dismiss for failure to state a claim. Plaintiff's claims for (1) breach of contract and (2) IIED have no merit whatsoever.

***a. The complaint fails to allege any breach of contract.***

A breach-of-contract claim requires allegations of "(1) the contract, (2) the plaintiff's performance of the contract or excuse for nonperformance, (3) the defendant's breach, and (4) the resulting damage to the plaintiff." *Richman v. Hartley*, 224 Cal. App. 4th 1182, 1186 (2014). The plaintiff "must plead . . . the contract either 'by its terms, set out verbatim in the complaint or a copy of

the contract attached to the complaint and incorporated therein by reference, or by its legal effect,'" the latter of which requires "'alleg[ing] the substance of its relevant terms." *N. Cty. Commc'ns Corp. v. Verizon Glob. Networks Inc.*, 685 F. Supp. 2d 1112, 1122 (S.D. Cal. 2010) (quoting *McKell v. Wash. Mut. Inc.*, 142 Cal. App. 4th 1457, 1489 (2006)). In all events, the plaintiff "must allege the specific provisions in the contract creating the obligation the defendant is said to have breached." *Young v. Facebook, Inc.*, 790 F. Supp. 2d 1110, 1117 (N.D. Cal. 2011).

Here, Plaintiff fails to plead a specific contract, let alone a plausible breach. Plaintiff alleges that "Defendant materially breached its binding services agreement with Plaintiff," but she does not attach, quote, or otherwise reference the relevant terms of that "services agreement." Compl. ¶ 12. Nor does Plaintiff set out any particular contractual term that Anthropic supposedly breached. Plaintiff's closest attempt to doing so is her uncited quotation of an article on Anthropic's webpage titled, "Is my data used for model training." (Compl. ¶ 19; RJN Ex. 10).[6] This is not alleged to be, and is not, a contract.

Assuming Plaintiff means to refer to Anthropic's Consumer Terms of Service (RJN Ex. 11), she does not and could not allege any breach of those Terms. Allegations that Anthropic breached those Terms by surveilling or "experimenting" on Plaintiff are supported only by conclusory and fantastical allegations (*see* Compl. ¶¶ 13, 14, 18), which are insufficient to state a claim. *See Iqbal*, 556 U.S. at 664. For each of these wild allegations, moreover, Plaintiff fails to identify any specific contractual promise that was breached. As to her claim that Anthropic breached a contract by throttling her service, Plaintiff has not alleged a term guaranteeing her a certain amount of usage. *Cf.* Compl. ¶ 17. To the contrary, the Consumer Terms of Service specifically reserve Anthropic's right to "modify, suspend, or discontinue [s]ervices . . . without notice." RJN Ex. 11 at 7.[7]

[6] Anthropic provides as documents subject to judicial notice copies of its webpage "Is my data used for model training" and its Consumer Terms of Service (RJN Exs. 10, 11) because the complaint appears to incorporate them by reference. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment.").

[7] Plaintiff does not and could not allege that the value of her subscription, or anything else guaranteed by any contract with Anthropic, approaches $75,000. Other damages she alleges—including for "her sense of safety and privacy [being] violated" and the value Anthropic gained from use of her "proprietary data," Compl. ¶ 26—"are not clearly ascertainable in both their nature and origin" and thus cannot be recovered for a breach of contract. Cal. Civ. Code § 3301; *see Erlich v. Menezes*, 21 Cal. 4th (continued on next page)

**b. *The complaint fails to plead intentional infliction of emotional distress.***

A claim for intentional infliction of emotional distress ("IIED") requires "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 46 Cal.4th 1035, 1050 (2009). Outrageous conduct "does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Johnson v. Ralphs Grocery Co.*, 204 Cal. App. 4th 1097, 1108 (2012). The conduct must be so "extreme as to exceed all bounds of that usually tolerated in a civilized community." *Hughes*, 46 Cal.4th 1050–51. The "requirement that the plaintiff show severe emotional distress" likewise sets a "high bar": it must be "of such substantial quality or enduring quality that no reasonable person in civilized society should be expected to endure it." *Id.* at 1051 (citation modified).

Plaintiff has not plausibly alleged outrageous conduct that could support an IIED claim. Her allegations that Anthropic misappropriated her AI research suggest intellectual-property infringement, Compl. ¶¶ 1–3, which does not rise to the level of outrageous conduct. *See, e.g.*, *Dennis v. Nike, Inc.*, 2022 WL 18397390, at *1, *3 (C.D. Cal. Nov. 18, 2022) (dismissing IIED claim based on allegations that Nike stole plaintiff's sneaker design); *Richards*, 480 F. Supp. 2d at 228–29, 241 (dismissing IIED claim based on alleged conspiracy to surveil and steal business ideas from plaintiff). Her allegations that Anthropic throttled or otherwise denied her the benefit of her subscription are pleaded as a contract claim, which cannot give rise to IIED either. *See Kasperzyk v. Shetler Sec. Servs., Inc.*, 2015 WL 1348503, at *12 (N.D. Cal. Mar. 25, 2015) ("alleged breaches of the Union or Lucasfilm contracts" could not "support an IIED claim" because "the California Supreme Court has held that a plaintiff may not recover in tort for an 'ordinary contract breach.'" (quoting *Freeman & Mills, Inc. v. Belcher Oil Co.*, 900 P.2d 669, 680 (Cal. 1995)).

Finally, Plaintiff's allegations of sweeping surveillance and psychological abuse lack plausible supporting factual allegations and so cannot state a claim either. *See Contreras v. Wray*, 2022 WL

---

543, 558 (1999) ("damages for mental suffering and emotional distress" are "generally not recoverable" on a contract).

18276327, at *9 (C.D. Cal. Nov. 15, 2022) (even though complaint "[t]rack[ed] the elements of an IIED cause of action," its "factual allegations [were] insufficient to state a claim" where plaintiff "allege[d] bizarre conspiracy theories"). Courts regularly dismiss IIED claims based on far-fetched conspiracies by prominent companies or institutions. *See, e.g.*, *Miller v. Comcast*, 724 F. App'x 181, 182 (3d Cir. 2018) ("vague and conclusory allegations that Comcast has released films, television shows, music, and commercials portraying [the plaintiff] negatively, and that Comcast is otherwise spying on him through his phone and is attempting to have him murdered"); *Richards*, 480 F. Supp. 2d at 228–29, 241 (dismissing claims against Duke, Georgetown, and Microsoft for a long-running scheme to surveil and harm plaintiff); *see also Campbell v. Columbia Univ.*, 2023 WL 6038024, at *7–8 (S.D.N.Y. Sept. 15, 2023) (collecting cases "consistently dismiss[ing]" claims, including IIED, based on "fantastical theories"). This IIED claim likewise fails for lack of plausible factual allegations.

### C.    The complaint should be dismissed without leave to amend.

Whether it dismisses this complaint on preclusion grounds or otherwise, and whether it does so under Rule 12(b)(1) or 12(b)(6), the Court should dismiss without leave to amend. Leave to amend is properly denied where it would be futile because the plaintiff could not allege additional facts, consistent with the existing allegations, that would cure the defects of their pleading. *See, e.g.*, *C.H. v. United States*, 528 F. Supp. 3d 1125, 1136 (E.D. Cal. 2021) (affirming grant of Rule 12(b)(1) motion without leave to amend on futility grounds); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (affirming grant of Rule 12(b)(6) motion without leave to amend on futility grounds). That is the case here: Plaintiff's entire theory of liability against Anthropic is (and already has been found to be) frivolous, and no amendment could change that.

## VI.    CONCLUSION

This case is a naked attempt to refile a case that another court in this District already dismissed as frivolous without leave to amend—and it has no more merit this time around. The complaint should be dismissed for lack of subject-matter jurisdiction or failure to state a claim. Either way, dismissal should be without leave to amend. Finally, in light of Plaintiff's attempted circumvention of the dismissal of *Trinidad I*, Anthropic respectfully suggests that the Court caution Plaintiff that future attempts to refile substantially related claims could lead to filing restrictions or sanctions.

DATED: September 8, 2025

Respectfully submitted,

CONRAD | METLITZKY | KANE LLP

*/s/ Grace Yang*

GRACE YANG
WILLIAM J. COOPER
MADISON BOWER

*Attorneys for Anthropic PBC*

19

CASE NO. 3:25-cv-06883-SK DEFENDANT'S MOTION TO DISMISS