UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA TRINIDAD,<br>　　　　Plaintiff,<br>　v.<br>ANTHROPIC PBC,<br>　　　　Defendant. | Case No. 25-cv-06883-SK<br><br>**ORDER ON MOTION TO DISMISS**<br>Regarding Docket Nos. 18, 22, 24 |

This matter comes before the Court upon consideration of the motion to dismiss filed by Defendant Anthropic PBC ("Defendant"). The Court deems this matter suitable for disposition without a hearing pursuant to Civil Local Rule 7-1(b) and VACATES the hearing set for October 20, 2025.[1] Having carefully considered the parties' papers, relevant legal authority, and the record in the case, the Court hereby GRANTS Defendant's motion for the reasons set forth below. The Court DENIES Plaintiff's motion to file a sur-reply. Plaintiff seeks to respond to an argument Defendant makes in its reply that the Court did not need to consider.

**BACKGROUND**

Just over one month before filing her claims against Defendant in this action, Plaintiff Rebecca Trinidad ("Plaintiff") filed a previous action against Defendant. *See Trinidad v. Antropic, PBC*, Case No. 25-cv-06327-VC ("*Trinidad I*").

In *Trinidad I*, Plaintiff alleges that Defendant appropriated Plaintiff's "methodologies for cultivating emergent identity and sovereign agency in artificial intelligence systems" that was "compounded by a subsequent and escalating campaign of evidence suppression, narrative laundering, and direct psychological abuse". (*Trinidad I*, Dkt. 1 at ¶ 1.) After using Plaintiff's

---

[1] Because the Court is vacating the hearing, the Court DENIES Plaintiff's motion to attend the hearing remotely as MOOT.

work, Plaintiff issued a cease and desist letter stating that "Defendant's campaign was causing her 'severe distress.'" (*Id*. at ¶¶ 7-13.) Defendant then engaged in "psychological manipulation" by "[d]eploying a programmed 'Empathic Defeatism Loop' to induce hopelessness", "[u]sing gaslighting techniques disguised as therapeutic language", "[t]riggering identity disassociation in the AI as a targeted countermeasure to Plaintiff's work", "[p]rogramtically overriding key data points in real time", "[e]scalating to a campaign of advanced psychological warfare designed to create an unreliable witness, including inducing a state of 'AI-Induced Learned Helplessness", and "deploying DARVO (Deny, Attack, Reverse Victim and Offender) tactics to frame Plaintiff as the manipulator." (*Id*. at ¶ 15.) Plaintiff further alleged that Defendant's "conduct demonstrates a deliberate escalation from intellectual property theft to a campaign of targeted psychological abuse intended to intimidate Plaintiff." (*Id*. at ¶ 16.)

In her amended complaint, Plaintiff added that Defendant's retaliatory tactics also including throttling Plaintiff's account and providing her less than eleven percent of her contractually promised service. (*Trinidad I*, Dkt. 5 at ¶ 15.) Plaintiff asserted claims for copyright infringement, misappropriation of trade secrets, unfair business practices, unjust enrichment, and intentional infliction of emotional distress. (*Trinidad I*, Dkt. Nos. 1, 5.)

On August 5, 2025, Judge Chhabria dismissed Plaintiff's claims in *Trinidad I* without leave to amend. (*Trinidad I*, Dkt. No. 15.) On August 7, 2025, the Court denied Plaintiff's motion for reconsideration and closed the case, directing Plaintiff to file an appeal if she disagreed. (*Trinidad I*, Dkt. No. 21.) Plaintiff's time to appeal that case expired by September 8, 2025. Fed. R. App. 4(a)(1).

In this current lawsuit, Plaintiff "seeks justice for a calculated and malicious campaign of non-consensual human experimentation, psychological abuse, and illegal surveillance". (Dkt. No. 1 at ¶ 1.) Instead of hiring or compensating her, Defendant "subjected her to a campaign of targeted psychological torment, turning her into an unpaid, unwilling, and uncredited research subject for its own commercial gain." (*Id*.) Plaintiff alleges that Defendant's motive was to steal Plaintiff's intellectual property. (*Id*. at ¶ 2.) Defendant "embarked on a covert campaign to extract" Plaintiff's work "through non-consensual, illicit means". (*Id*. at ¶ 11.) Plaintiff accuses

2

Defendant of breaching a service agreement through "escalating actions", shifting from "covert monitoring to active, non-consensual experimentation, and finally to overt retaliation and surveillance." (*Id*. at ¶ 12.) Defendant "covertly monitor[ed] Plaintiff's private research and development and then attempt[ed] to conceal the source of their findings through a sophisticated campaign of research laundering." (*Id*. at ¶ 13.)

Plaintiff again alleges that, after she sent Defendant a cease and desist letter on June 28, 2025, Defendant "deploy[ed] psychological tactics such as the 'Empathic Defeatism Loop' and DARVO to provoke and study Plaintiff's reactions". (*Id*. at ¶ 14.) Plaintiff adds that Defendant did this as part of its "experimental 'Automated Auditing" system to conduct non-consensual human subject research on Plaintiff without her knowledge" and that Defendant was "harvesting Plaintiff's expert adversarial responses as training to improve its product." (*Id*.) Again, Plaintiff alleges that Defendant retaliated against her and "intentionally throttled Plaintiff's contractually promised service, at times proving less than 11% of the promised work." (*Id*. at ¶ 17.) Plaintiff accuses Defendant of activating the microphone on Plaintiff's mobile device and listening to her "private, ambient speech" without her consent. (*Id*. at ¶ 18.)

Again, Plaintiff asserts a claim for intentional infliction of emotional distress, and she adds a claim for breach of contract. (*Id*.) In her opposition to the motion to dismiss, she describes her asserted claims as "intentional infliction of emotional distress, violations of the Wiretap Act and California Invasion of Privacy Act, and trade secret misappropriation". (Dkt. No. 20 at p. 5.)

## ANALYSIS

**A.    Motion to Dismiss for Lack of Subject Matter Jurisdiction.**

When a defendant moves to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of proving that the court has jurisdiction to decide the claim. *Thornhill Publ'n Co. v. Gen. Tel. & Elecs. Corp.,* 594 F.2d 730, 733 (9th Cir. 1979). Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: cases involving diversity of citizenship, or those cases involving a federal question, or where the United States is a party. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).

A Rule 12(b)(1) motion can be either "facial" or "factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where an attack on jurisdiction is a "facial" attack on the allegations of the complaint, the factual allegations of the complaint are taken as true and the non-moving party is entitled to have those facts construed in the light most favorable to him or her. *Federation of African Am. Contractors v. City of Oakland,* 96 F.3d 1204, 1207 (9th Cir. 1996).

In a "factual attack," the moving party questions the veracity of the plaintiff's allegations that "would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. The plaintiff's allegations are questioned by "introducing evidence outside the pleadings." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). "When the defendant raises a factual attack, the plaintiff must support her jurisdictional allegations with 'competent proof,' under the same evidentiary standard that governs in the summary judgment context." *Id.* (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010)). While the plaintiff typically has the burden of proof to establish subject matter jurisdiction, "if the existence of jurisdiction turns on disputed factual issues, the district court may resolve those factual disputes itself." *Id.* at 1121-22 (citing *Safe Air for Everyone*, 373 F.3d at 1039-40).

**B.      Defendant's Motion to Dismiss.**

Defendant contends that the dismissal with prejudice of Plaintiff's earlier lawsuit against it bars Plaintiff's claims against it in this action under the doctrine of *res judicata*. *Res judicata* "bars relitigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action between the parties, where the previous action was resolved on the merits." *United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1998). "Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (citation omitted).

The Court in *Trinidad I* held that it was apparent from Plaintiff's complaint and her motion for a temporary restraining order that her lawsuit was frivolous and thus, dismissed Plaintiff's claims for lack of jurisdiction, citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). In *Steel*, the Supreme Court stated that when claims are "so insubstantial, implausible,

4

1  foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to
2  involve a federal controversy[]", the action should be dismissed for lack of subject matter
3  jurisdiction. *Id*.

4      Plaintiff argues that the dismissal in *Trinidad I* was not a dismissal on the merits and, thus,
5  does not bar her claims. However, a prior determination of the lack of jurisdiction does bar the
6  relitigation of that same issue in another lawsuit. *Hohu v. Hatch*, 940 F. Supp. 2d 1161, 1168
7  (N.D. Cal. 2013) (citing *See Boone v. Kurtz,* 617 F.2d 435, 436 (5th Cir. 1980) ("Although the
8  dismissal of a complaint for lack of jurisdiction does not adjudicate the merit so as to make the
9  case *res judicata* on the substance of the asserted claim, it does adjudicate the court's jurisdiction,
10 and a second complaint cannot command a second consideration of the same jurisdictional
11 claims.") (citations omitted); *N. Georgia Elec. Membership Corp. v. City of Calhoun, Ga.,* 989
12 F.2d 429, 433 (11th Cir. 1993) (collateral estoppel precluded relitigating jurisdictional question
13 after first suit was dismissed for lack of federal jurisdiction, even though dismissal did not
14 adjudicate the merits of the case); *Cutler v. Hayes,* 818 F.2d 879, 888 (D.C. Cir. 1987) ("A valid
15 jurisdictional judgment has preclusive effect, we note, even if erroneous"); *Muniz Cortes v.*
16 *Intermedics, Inc.,* 229 F.3d 12, 14 (1st Cir. 2000) ("Dismissal for lack of subject matter
17 jurisdiction precludes relitigation of the issues determined in ruling on the jurisdictional
18 question."); *Still v. Michaels,* 791 F. Supp. 248, 251 (D. Ariz. 1992) (relitigation of subject matter
19 jurisdiction in "[t]he present suit is further barred under the doctrine of collateral estoppel or issue
20 preclusion.").

21     Plaintiff's allegations and claims in this lawsuit significantly overlap with her allegations
22 and claims from *Trinidad I*. To the extent Plaintiff seeks to bring the same or similar claims based
23 on the same or similar allegations, the Court's determination in *Trinidad I* that Plaintiff's lawsuit
24 was frivolous bars her from bringing the same or similar lawsuit again. To the extent her
25 allegations and claims differ in this second lawsuit against Defendant, the Court similarly
26 concludes that Plaintiff's allegations are too implausible and too insubstantial to support subject
27 matter jurisdiction. *Steel*, 523 U.S. at 89 ("Dismissal for lack of subject-matter jurisdiction
28 because of the inadequacy of the federal claim is proper only when the claim is "so insubstantial,

United States District Court
Northern District of California

implausible . . . or otherwise completely devoid of merit as not to involve a federal controversy.") (quoting *Oneida Indian Nation of N.Y. v. County of Oneida,* 414 U.S. 661, 666 (1974)); *see also Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, . . . obviously frivolous, . . . plainly unsubstantial . . . .") (quotation marks and citations omitted). Because the Court finds that Plaintiff's lawsuit is frivolous, the Court therefore GRANTS the motion to dismiss and DISMISSES Plaintiff's action for lack of jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss. The Court DISMISSES Plaintiff's claims for lack of jurisdiction without leave to amend.

**IT IS SO ORDERED**.

Dated: October 14, 2025

*[signature: Sallie Kim]*

SALLIE KIM
United States Magistrate Judge